IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                                      Case No. 3:17cr146

WILTON LAMONT ELLIS,

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Wilton Lamont Ellis' Motions for

Compassionate Release pursuant to Section 603(b) of the First Step Act (the "Motion"). (ECF

Nos. 84, 96.) The United States responded in opposition (the "Opposition"). (ECF No. 102.)

Ellis filed a reply to the Opposition. (ECF No. 103.) This matter is ripe for disposition. The

Court dispenses with oral argument because the materials before it adequately present the facts

and legal contentions, and argument would not aid the decisional process. For the reasons that

follow, the Court will deny the Motion for Compassionate Release.

### I. Background

On November 1, 2017, a grand jury charged Ellis with thirteen criminal counts:

conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C.

§ 846 (Count One); distribution of heroin, in violation of 21 U.S.C. § 841 (Counts Two, Four,

Six, Eight, and Nine); distribution of cocaine hydrochloride, in violation of 21 U.S.C. § 841

(Counts Three, Five, and Seven); distribution of fentanyl, in violation of 21 U.S.C. § 841 (Count

Ten); possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841 (Count

Eleven); possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C.

§ 841 (Count Twelve), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Thirteen). (ECF No. 1.) On February 5, 2018 Ellis entered into a written plea agreement with the United States in which he pled guilty to Count One, the conspiracy charge. (ECF No. 42.) In the plea agreement, the United States agreed to dismiss the remaining charges. (*Id.*)

Prior to sentencing, the probation office prepared the Presentence Report ("PSR") for Ellis, summarizing his criminal history. Ellis fell into criminal history category V based on his prior convictions. (PSR 8–16, ECF No. 48.) Because Ellis committed two prior controlled substance offenses, he qualified as a career offender, placing him in criminal history category VI. (*Id.*) His prior convictions include possession of cocaine, possession of cocaine with the intent to distribute, distribution of cocaine, driving under the influence of alcohol, and other misdemeanor offenses. (*Id.*) Pursuant to the Sentencing Guidelines, Ellis' Total Offense Level of 31 and Criminal History Category of VI resulted in a Sentencing Guidelines range of 188-235 months. (*Id.* 21.) The Court sentenced Ellis to a term of 175 months imprisonment, to be followed by five years of supervised release. (J., ECF No. 68.)

The PSR also provided information on Ellis' physical condition, noticing that "he is healthy but for a history of high blood pressure," and that "he is currently prescribed medication to keep his blood pressure under control." (PSR 20.) The PSR also noted that Ellis stated that "he feels like he has been depressed his entire life," and that "he is also suffering from anxiety." (*Id.*) Additionally, the PSR states that Ellis has "an extensive history of drug usage." And that Ellis "described himself as 'the poster boy of drugs.'" (*Id.*)

2

Ellis is currently housed at FCI Danbury in Danbury, Connecticut. The Bureau of Prisons ("BOP") lists Ellis' projected release date as May 18, 2028. *See* Bureau of Prisons, *Fed. Inmate Locator*, https://www.bop.gov/inmateloc/.

On January 21, 2021, Ellis filed a *pro se* Motion for Compassionate Release. (ECF No. 84.) On March 4, 2021, Ellis, acting through Counsel, filed the instant Motion for Compassionate Release. (ECF No. 96.) In the Motion, Ellis broadly describes the current public health crisis in BOP facilities caused by COVID-19. (Mem. Supp. Mot. 6, ECF No. 97.) Ellis, now forty-seven years old, contends that he is particularly susceptible to COVID-19 because he "is obese and suffers from hypertension," and that he "also suffers from anxiety disorder, dextroscoliosis (right curvature of the spine), flat feet, and other ailments." (*Id.*) Ellis weighs 279.8 pounds and has a Body Mass Index (BMI) of 36.5. (*Id.*) As of February 2021, Ellis has received both Moderna vaccinations. (ECF No. 90-1.) Despite his fully vaccinated status, Ellis avers that he remains at risk for COVID-19 infection and that the Court should grant his Motion because "research shows that:

> (1) there is insufficient evidence for how long vaccine-based immunity may persist in the human body,
>
> (2) the vaccine is less effective against new variants,
>
> (3) there is no question that new variants will continue to arise, and are arising near FCI Danbury,
>
> (4) obese individuals are less likely to develop an effective vaccine-induced immune response,
>
> (5) obese males under the age of 60 are far more likely to die from COVID-19, and
>
> (6) Prison environments are ideal locations for the breeding of variants and their transmission into the prison population as well as the population at large."

(Mem. Supp. Mot. 6–7.)

3

Second, Ellis states that his status as the sole caregiver of his ill mother and young son warrant his release. (*Id.* 2.) Finally, Ellis urges the Court to grant this motion due to his "exemplary behavior while in prison." (*Id.* 24.)

The United States opposes Ellis' request for compassionate release, arguing that he has not established an extraordinary and compelling reason for compassionate release, he has already received both of his COVID-19 vaccinations, he has not shown that he is at particularized risk of contracting COVID-19 at FCI Danbury, and because the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against his immediate release. (Opp'n, ECF No. 102.) The United States points to Ellis' record and argues that he "distributed over 10,000 doses of heroin in 9 months during a record-breaking year for opioid overdose deaths." (*Id.* 17.) The United States notes that Ellis' hypertension is controlled by medication. (*Id.* 2.) The United States further contends that Ellis' "efforts at rehabilitation [while in prison] do not outweigh the seriousness of his crimes or the substantial likelihood that he will reoffend." (*Id.* 20.)

As of July 29, 2021, FCI Danbury has vaccinated 184 staff members and 586 inmates, and reports two active COVID-19 infections among staff members. *See* Bureau of Prisons, *COVID-19*, https://www.bop.gov/coronavirus.

## II. Legal Standard:  Compassionate Release Under the First Step Act of 2018

In 2018, Congress enacted the First Step Act to provide incarcerated individuals the opportunity to directly petition the courts for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  Prior to the First Step Act in 2018, the BOP had the sole authority to petition

---

[1] Section 3582(c)(1)(A) states:

The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

4

the court for sentence modifications on compassionate release grounds. *Coleman v. United States*, No. 4:17cr69, 2020 WL 3039123, at *1 (E.D. Va. June 4, 2020). Following enactment of the First Step Act, criminal defendants may petition courts on their own initiative to modify their sentences if "extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Before granting a reduction, courts must consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), and evidence of rehabilitation and other post-conviction conduct. *See United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *see also United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B)). However, a petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t).

## A.    Exhaustion of Administrative Remedies

Although the Court generally cannot "modify a term of imprisonment once it has been imposed," the defendant may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("Congress, aware of the BOP's history of extensive delays, also provided a '30-day lapse' alternative, under which a defendant may proceed directly to district court if his [or her] request is not acted on within that time."). "Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court." *Casey v. United States*, No. 4:18cr4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020).

The court may waive the exhaustion requirement, however, in certain circumstances. *United States v. Jones*, No. 3:11cr249, ECF No. 47, at *2–3 (E.D. Va. Apr. 3, 2020) (Lauck, J.). Courts may waive exhaustion if: "pursuing an administrative remedy would be futile[,]" "'exhaustion via the agency review process would result in inadequate relief[,]' or 'pursuit of agency review would subject the petitioner to undue prejudice.'" *United States v. Robinson*, No. 3:10cr261, 2020 WL 4041436, at *3 (E.D. Va. July 17, 2020) (Lauck, J.) (quoting *Poulios v. United States*, No. 2:09cr109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020) (Jackson, J.)).

Throughout the country, courts have found the coronavirus pandemic, combined with a vulnerable defendant with underlying health conditions, implicates all three exceptions justifying a waiver of the exhaustion requirement. *See United States v. Zukerman*, 451 F. Supp. 3d 329, 332–33 (S.D.N.Y. 2020) (holding that defendant's elderly age and serious health conditions warrant a waiver of exhaustion requirements because of the ongoing risk of infection while incarcerated); *United States v. Perez*, 451 F. Supp. 3d 288, 293 (S.D.N.Y. 2020) (waiving the exhaustion requirement because exhaustion would be futile as defendant would not see thirty days lapse before his release date).

6

**B.      Courts Must Find Extraordinary and Compelling Reasons Justifying Compassionate Release**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify

terms of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if

"extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission further defines "extraordinary and compelling

reasons." U.S.S.G. § 1B1.13, n.1; *see United States v. Kalivretenos*, No. 1:15cr00073, ECF No.

109, at *4 (E.D. Va. May 21, 2020).  The Sentencing Commission identifies four instructive

categories of extraordinary and compelling reasons that allow for a sentence to be modified:  the

petitioner's medical condition, age, family circumstances, and other reasons. U.S.S.G. § 1B1.13,

n.1 (A)–(D).[2]

The United States Court of Appeals for the Fourth Circuit has explained, however, that

"[w]hen a defendant exercises his [or her] new right to move for compassionate release on his [or

her] own behalf . . . § 1B1.13 does not apply, and . . . § 3582(c)(1)(A)'s consistency requirement

---

[2] The United States Sentencing Guideline § 1B1.13 provides that:

Upon *motion of the Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (emphasis added).

does not constrain the discretion of district courts." *McCoy*, 981 F.3d at 281. "As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283; *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021) (concluding that § 1B1.13 does not apply to compassionate release motions that inmates (or counsel acting on behalf of inmates) file directly with the district court). Furthermore, the Guidelines, while helpful, are merely advisory and do not bind the Court.

As a result of the coronavirus outbreak, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (citations omitted).

C.     **Courts Must Weigh the Statutory Sentencing Factors Before Granting Compassionate Release**

Even after finding a sufficient "extraordinary and compelling reason" for compassionate release, the Court must then consider the § 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

### III. Analysis

After due consideration, the Court will deny the Motion. Although the record reflects that Ellis exhausted his administrative remedies, (ECF No. 84), the Court will deny the Motion upon finding that Ellis does not offer any "extraordinary and compelling reasons" to support his request for release. 18 U.S.C. § 3582(c)(1)(A)(i). While noting that he has hypertension and obesity, Ellis fails to provide any particularized details regarding the severity of his conditions which would make him particularly susceptible to COVID-19, especially after receiving the COVID-19 vaccine.[3]

In any event, the Court will consider Ellis' request under the applicable statutory sentencing factors. Upon review, Ellis' underlying convictions demonstrate that he presents a threat to the public due to his disregard for the law and that he presents a high probability of recidivism. Ellis' repeated possession and distribution offenses reflect that he presents a threat both to himself and the community. (*See generally* PSR 8–16.) Although the Parties indicate that Ellis has not committed any disciplinary infractions while incarcerated, his previous criminal history and his underlying offense suggest that the Court should consider public safety and whether his sentence promotes respect for the law. The Court finds that the totality of Ellis' record and the need to protect the public outweigh immediate release.

---

[3] The Court recognizes that COVID-19 cases are increasing across the United States because of the Delta variant. *See* NEW YORK TIMES, *Delta Variant Widens Gulf Between 'Two Americas': Vaccinated and Unvaccinated*, July 15, 2021, available at: https://www.nytimes.com/2021/07/14/health/delta-variant-uk-usa.html. Even with the increase in nationwide COVID-19 cases, the record before the Court does not justify Ellis' immediate release.

Ellis additionally avers that his status as the sole caretaker to his ailing mother and young son is an "extraordinary and compelling reason" to grant the current Motion.[4]  (ECF No. 84, 97.) Ellis asserts that his mother, aged 67, is the current sole caretaker of his young son and that she is aging and has certain medical ailments.  He also states that when his mother eventually needs care herself, she will no longer be able to care for his young son and it will fall to Ellis to care for both of them. (Mem. Supp. Mot. 24.)  While perhaps borne out of genuine concern, Ellis' assertion that his mother will soon need a full-time caregiver herself and thus will no longer be able to care for his son appears speculative.  Nothing in the record indicates an immediate need for a caregiver for his mother.  Additionally, even if there were an immediate need for a caregiver for Ellis' mother and son, the record does not make clear that Ellis is the only available individual to act in that role.  Thus, Ellis does not establish a record warranting a finding that his role as his mother and his son's eventual caretaker constitutes an "extraordinary and compelling reason" to grant the present Motion.

Similarly, Ellis presents aspects of a release plan that include living with his mother.  His mother submits a letter to the Court stating that she will "make sure that he attends all aaa [sic] meeting, church and work."  (ECF No. 104-1.)  Ellis also attaches a letter from his pastor stating that Ellis would be eligible to join the rehabilitation program at his church, (ECF No. 104-2), and two letters indicating options for potential employment post-release.  (ECF Nos. 104-3, 104-4). Even considering the availability of a release plan offering treatment and a job, the Court cannot find immediate release appropriate.

---

[4] The Fourth Circuit has stated that caregiver status can be considered when determining whether to reduce an inmate's sentence under the First Step Act. *United States v. Massey*, No. 20-7216, 2021 WL 2799950, at *1 (4th Cir. July 6, 2021) (citing *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) and *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021)). However, for the reasons stated above, Ellis does not present enough facts to indicate that his caregiver status warrants immediate release.

Turning to other § 3553(a) factors, the Court notes that Ellis has served less than half of his original sentence and will not be released for seven more years. Upon release Ellis will begin to serve a five-year supervised release term for his offense. Ellis' record of good behavior while in prison and participation in rehabilitation programs similarly do not overcome the relevant § 3553(a) sentencing factors to support his immediate release. Ellis contends that the Court should grant his Motion because he "has received no infractions and has no disciplinary history," has taken educational courses to obtain his GED, and has participated in several drug rehabilitation programs and psychological group sessions. (Mem. Supp. Mot. 25, ECF 97.) In *United States v. Martin*, the Fourth Circuit vacated and remanded the district court's denial of both defendants' motions to reduce sentence because the district court failed to address any new mitigating evidence when denying the motions. 916 F.3d at 397–98. The Fourth Circuit has explained that if an individual is eligible for a sentence reduction, the district court must give weight to the person's "past transgressions" as well as "the multitude of redemptive measures that [the person] has taken." *Id.* at 397. However, Congress has made clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). With these dictates in mind, the Court acknowledges Ellis' good behavior and participation in GED and rehabilitation programs during his time in prison, but these measures do not warrant his early release in light of the seriousness of his convictions and the remaining time on his sentence.

Finally, the Court recognizes the grave health risks prisoners have faced during this pandemic and commends the nationwide efforts to promptly vaccinate prison staff and inmates. Fortunately, Ellis has obtained his vaccine and the BOP reports that a majority of the inmates at

11

FCI Danbury are now vaccinated. Considering the foregoing, the Court concludes that the current record does not justify Ellis' immediate release from federal imprisonment.

## IV. Conclusion

For the reasons explained above, the Court will deny the Motions for Compassionate Release. (ECF No. 84, 96.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: July 29, 2021
Richmond, Virginia

12